UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

        PATRICIA ATKINSON,

                    Debtor.
----------------------------------------------------------X

Case No.: 12-74366-ast
Chapter 13

## DECISION AND ORDER DENYING DEBTOR'S
## EMERGENCY MOTION FOR A STAY PENDING APPEAL

Pending before the Court is the motion of the debtor, Patricia Atkinson ("Ms. Atkinson"), seeking entry of an order granting a stay pending appeal, filed pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (the "Stay Motion") [dkt item 28]. Robert L. Pryor, the Chapter 7 Trustee of the estate of Robert Bullock (the "Trustee"), filed an objection to the Stay Motion, and seeks fees and costs pursuant to 28 U.S.C. § 1927 (the "Objection") [dkt item 32].[1] For the reasons set forth below, Ms. Atkinson's request for a stay pending appeal is denied, as she has failed to show that she will suffer immediate and irreparable injury if a stay is not granted, she has failed to show that the Trustee will not suffer substantial injury if a stay is granted, she has failed to demonstrate that her appeal has a substantial possibility of success, and she has failed to demonstrate that the public interest supports granting a stay. The Trustee's request for fees and costs will be carried by the Court until after the conclusion of Ms. Atkinson's appeal.

### JURISDICTION

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (E), (G), (M), and (O); the Standing Order of Reference in effect in the Eastern

---

[1] The Court had set a deadline to file a response to the Stay Motion at December 5, 2012, at 5:00 p.m.; the Trustee filed his response minutes after the deadline. Nevertheless, given the emergency nature of the Motion, the Court accepts as timely the Trustee's Objection.

District of New York dated August 28, 1986, and as amended on December 5, 2012 but made effective *nunc pro tunc* as of June 23, 2011; and Bankruptcy Rule 8005.

## BACKGROUND AND PROCEDURAL HISTORY

The facts and procedural history of this dispute are described more fully in this Court's November 26, 2012 Order Granting Stay Relief (the "Lift Stay Order") entered in Ms. Atkinson's Chapter 13 case and are incorporated here by reference . [dkt item 26]  By way of summary, Ms. Atkinson holds a 41.67% (5/12ths) ownership interest in the real property in which she resides, located at 760 Hoffman Avenue, Bellport, New York (the "Premises").  Ms. Atkinson's brother, Robert Bullock ("Bullock"), also held a 41.67% (5/12ths) ownership interest in the Premises (the "Bullock Interest"), while other relatives held the remaining 16.33% (1/6th) ownership interests.  Bullock filed a Chapter 7 petition in 2010.[2]  The Trustee commenced an adversary proceeding against Ms. Atkinson and the other owners of the Premises, seeking to conduct a sale of the Premises pursuant to 11 U.S.C. § 363(h)[3] in order to realize the Bullock Interest in the Premises for the benefit of creditors of the Bullock estate (the "Adversary Proceeding").[4]  A trial of the Adversary Proceeding was held on November 11, 2011, at which both the Trustee and Ms. Atkinson presented evidence.

By Judgment entered in the Adversary Proceeding on May 2, 2012 (the "Judgment"),[5] this Court authorized the Trustee to conduct a § 363(h) sale of the Premises, but as a means of balancing the interests of the Bullock estate with any potential detriment to Ms. Atkinson as a co-owner, the Judgment authorized Ms. Atkinson to purchase the Bullock Interest by paying

---

[2] Case No. 10-76527-ast, dkt item 1.
[3] All statutory references to the Bankruptcy Code are to title 11 of the United States Code, §§ 101-1532.
[4] Adv. Pro. No. 11-8919-ast, dkt item 1.
[5] Adv. Pro. No. 11-8919-ast, dkt item 38.

$41,000 in 40 equal monthly installments of $1,025.00 each.[6] Judgment at p.2. If Ms. Atkinson failed to make a timely payment under the Judgment, the Judgment provided her with a 14-day grace period to cure that default, after which the Trustee was "authorized to submit an order to the Court authorizing and directing the immediate sale of the Premises." Judgment at p.4. No timely appeal was taken from the Judgment, and it is a final judgment.[7]

After making only one payment under the Judgment, Ms. Atkinson defaulted. The Trustee provided her with a notice of default. On July 13, 2012, shortly before the cure period expired, Ms. Atkinson filed the instant Chapter 13 case. In her proposed Chapter 13 plan, Ms. Atkinson seeks to delay making payments under the Judgment for 14 months and to extend the payment terms under the Judgment beyond the 40 months provided therein. [dkt item 9]

On July 30, 2012, the Trustee moved for relief from the automatic stay in Ms. Atkinson's Chapter 13 case, in order to proceed with the § 363(h) sale of the Premises as provided under the Judgment (the "Lift Stay Motion"). [dkt item 13] Ms. Atkinson opposed the Lift Stay Motion [dkt item 17]. The Court conducted a hearing on the Lift Stay Motion on September 13, 2012, and allowed post-hearing briefing to be submitted, following which the matter would be under submission.

On November 26, 2012, this Court entered the Lift Stay Order, which authorizes the Trustee to exercise all of his rights and remedies provided under the Judgment. Specifically, in

---

[6] The Judgment further provided that Ms. Atkinson had to pay all outstanding real estate taxes and maintain fire and liability insurance. Judgment at p.3.

[7] On November 27, 2012, Ms. Atkinson filed an untimely notice of appeal of the May 2 Judgment, and a motion for a stay of the Judgment pending her appeal in the Adversary Proceeding. *See* Adv. Pro. No. 11-8919-ast dkt items 41, 43. As Ms. Atkinson's appeal was filed nearly seven months after the Judgment was entered and more than six months after the Adversary Proceeding was closed, the Court has entered an Order in the Adversary Proceeding, contemporaneous with this Decision and Order, denying the stay pending appeal in the Adversary Proceeding as untimely and jurisdictionally barred. *See In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005); *Thompson v. JP Morgan Chase Bank, N.A.*, 2012 WL 739384, at *3 (E.D.N.Y. Mar. 8, 2012); *Swiatkowski v. CitiMortgage, Inc.*, 2011 WL 4369520, at *2 (E.D.N.Y. Sept. 19, 2011), *aff'd*, 478 F. App'x 704 (2d Cir. 2012); FED. R. BANKR. P. 8002(a).

the Lift Stay Order, the Court found: (1) that neither § 108(b) nor any other provision of the Bankruptcy Code extended Ms. Atkinson's time to cure her default under the Judgment; (2) the Trustee does not hold a claim against Ms. Atkinson and, therefore, Ms. Atkinson cannot use the Chapter 13 plan process to modify the terms of the Judgment; and (3) because Ms. Atkinson never sought reconsideration and had not, as of November 26, 2012, appealed from the Judgment, it was inappropriate for her to collaterally attack the Judgment through her Chapter 13 plan. Lift Stay Order at pp. 4-10.  After weighing the various factors, the Court determined that cause existed under § 362(d)(1) to lift the stay to permit the Trustee to proceed with the § 363(h) sale of the Premises, subject to the 14-day stay of the Lift Stay Order pursuant to Bankruptcy Rule 4001(a)(3). Lift Stay Order at pp. 10-14.[8]

## MOTION FOR STAY PENDING APPEAL

On November 27, 2012, Ms. Atkinson filed a notice of appeal of the Lift Stay Order [dkt item 27], and filed the instant Stay Motion pursuant to Bankruptcy Rule 8005, seeking a stay of the Trustee proceeding with the § 363(h) sale of the Premises pending appeal. Specifically, Ms. Atkinson asserts in the Stay Motion that this Court erred in entering the Judgment by failing to "mak[e] a finding as to the value of the Premises," and failing to set a minimum sale price.[9] However, while she collaterally attacks the Judgment, Ms. Atkinson does not cite to any legal or factual error made by this Court in the Lift Stay Order. Nevertheless, Ms. Atkinson asserts that "there is, at the minimum, a substantial possibility of success on appeal." Stay Motion at ¶ 18.

---

[8] The Trustee had requested waiver of the 14 day stay under Rule 4001(a)(3), which this Court denied. Lift Stay Order at p. 14.

[9] Ms. Atkinson asserts: "[I]n order for the Court to have made an evidentiary finding that the benefit to the estate outweighed the detriment to Atkinson, the Court had to have made a determination as to the value of the Premises at sale.  Without having provided for the amount at sale, it is respectfully stated, that there is no possible way that the Court could have determined what amount, if any, Atkinson would receive upon the Trustee's sale of the Premises." Stay Motion at ¶ 18.

In addition, Ms. Atkinson asks that she not be required to post a supersedeas bond because of her financial condition, and asserts that emergency relief is needed as Bankruptcy Rule 4001(a)(3) only stays enforcement of the Lift Stay Order for 14 days. Stay Motion at ¶¶ 21-22.

On December 5, 2012, the Trustee filed his Objection, arguing that Ms. Atkinson "has unequivocally failed to demonstrate her entitlement to such relief, especially in light of the lack of a 'substantial possibility' of success on her appeal due to (i) the untimeliness of the appeal, (ii) the lack of any authority supporting her argument that the Judgment was entered in error due to the failure to fix a minimum sale[] price of the Premises, and (iii) her own pre-trial stipulation as to the fair market value of the Premises for the purpose of trial on the issue of the detriment to Atkinson in the event of a sale of the Premises." Objection at ¶ 15.

## DISCUSSION

**A. Ms. Atkinson Has Failed to Show That She is Entitled to a Stay Pending Appeal**

This Court previously addressed the standard for determining whether to grant a stay pending appeal in *In re TE Roslyn, LLC*, 2012 WL 3063991 (Bankr. E.D.N.Y. July 26, 2012). "In the Second Circuit, the standard governing the entry of a stay pending appeal is: '(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated "a substantial possibility, although less than a likelihood, of success" on appeal, and (4) the public interests that may be affected.'" *Id.*, at *3, quoting *In re Taub*, 470 B.R. 273, 277-78 (E.D.N.Y. 2012); *see In re Smith*, 2009 WL 366577, at *2 (E.D.N.Y. Feb. 12, 2009); *see also Jenkins v. INS*, 32 F.3d 11, 14 (2d Cir. 1994); *Hirschfeld v. Bd. of Elections in the City of N.Y.*, 984 F.2d 35, 29 (2d Cir. 1993). As discussed below, Ms. Atkinson has failed to demonstrate that any of these four factors supports

granting a stay in this case and, most importantly, that her appeal has any "substantial possibility" of success.

**1. Ms. Atkinson Will Not Suffer Actual and Imminent Irreparable Injury**

A party moving for a stay pending appeal must show a "probable irreparable harm" that is "neither remote nor speculative, but actual and imminent." *Taub*, 470 B.R. at 278 (quoting *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007)). Injuries that are "fully remedied by monetary damages do not constitute irreparable harm." *Id.*, citing *Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 934 F.2d 30, 34 (2d Cir. 1991). Further, "the possibility that an appeal will be rendered moot by a denial of stay does not, in and of itself, constitute irreparable harm." *In re Baker*, 2005 WL 2105802, at *9 (E.D.N.Y. Aug. 31, 2005).

In her Stay Motion, Ms. Atkinson argues that she will suffer irreparable injury if a stay is not granted because "should a stay be denied, the Trustee shall be authorized to conduct an immediate sale of the Premises without any regard to the proposed sale price." Stay Motion at ¶ 15. Ms. Atkinson adds that "it is apparent [that] absent a stay pending appeal, the . . . sale will proceed and the appeal will be rendered moot. Obviously, the result would be the 'quintessential form of prejudice'." Stay Motion at ¶ 15 (citation omitted).

The Trustee counters that "[w]hile Atkinson may suffer some irreparable injury in the absence of a stay as the Premises would be sold, such injury would not be as dire as Atkinson would have the Court believe because she has shown the ability to afford alternative housing."[10] Objection at ¶ 24. The Trustee also argues that "any injury [to Ms. Atkinson] would be mitigated by the fact that she will receive her *pro rata* share of the net proceeds of the sale of the Premises." Objection at ¶ 24. In addition, the Trustee points out that "Atkinson's appeal does

---

[10] The Trustee makes reference here to this Court's finding, based upon Ms. Atkinson's bankruptcy Schedules, that she has sufficient net monthly income to make the payments required under the Judgment. Lift Stay Order at p. 11.

not appear to concern any alleged error on the Court's part in issuing the Lift Stay Order," and, therefore, any irreparably injury could only arise from enforcement of the Judgment and not from the Lift Stay Order. Objection at ¶ 20.

This Court finds that Ms. Atkinson would not suffer actual and imminent irreparable injury if a stay of the Lift Stay Order is not granted. The Lift Stay Order only authorizes the Trustee to exercise his rights under the Judgment; accordingly, the Lift Stay Order did not grant any new rights or authority to the Trustee that he did not already have prior to the filing of Ms. Atkinson's Chapter 13 case. As noted, because Ms. Atkinson failed to timely appeal the Judgment, it is a final, nonappealable Order of this Court; Ms. Atkinson should not be heard to assert injury that would result from enforcement of the Judgment, only injury that arises solely from the Lift Stay Order. Otherwise, this appeal would constitute an impermissible attempt to bring an otherwise time-barred appeal of the Judgment. *See In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005); FED. R. BANKR. P. 8002(a).

Further, the Court recognizes here, as it did during the course of the Adversary Proceeding and prior to entry of the Lift Stay Order, that the Trustee intends to proceed with a sale of Ms. Atkinson's principal residence; however, such a sale will provide Ms. Atkinson with her *pro rata* share of the sale proceeds. Because any harm that Ms. Atkinson might suffer by the Trustee proceeding with the § 363(h) sale is offset by her right to receive her share of the proceeds from that sale, any injury Ms. Atkinson might suffer "do[es] not constitute irreparable harm." *Borey*, 934 F.2d at 34; *Taub*, 470 B.R. at 278.

Moreover, any injury to Ms. Atkinson is not imminent. While the Lift Stay Order allows the Trustee to enforce the Judgment and to submit an order authorizing and directing the immediate sale of the Premises, the Trustee still needs to market the Premises and find a buyer

for the Premises on terms and conditions that are in the best interests of the Bullock estate. Thus, a sale is not imminent, as no buyer or sale terms have yet been identified. However, to avoid any doubt as to the mechanics of a sale of the Premises, the Court will require that the Trustee give notice to Ms. Atkinson of any proposed sale in accordance with Bankruptcy Rule 6004.[11]

Thus, Ms. Atkinson has failed to demonstrate that she would suffer an "actual and imminent" injury if this Court does not grant a stay of the Lift Stay Order pending appeal.

### 2. The Trustee Will Suffer Substantial Injury if a Stay Is Granted

Even assuming that Ms. Atkinson will suffer irreparable injury, the injury to Ms. Atkinson must be weighed against the possibility of substantial injury to the Trustee. *See Adelphia*, 361 B.R. at 347 ("the Second Circuit has consistently treated the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed.")

With respect to substantial injury, Ms. Atkinson argues that the Trustee will suffer no injury because there are "no consensual liens encumbering the Premises[, and] Atkinson has the appropriate insurance in place and continues to maintain the property. . . . Moreover, w[h]ether a delayed sale would result in a lower net recovery to the Trustee is nothing more than speculation at this point." Stay Motion at ¶ 16.

The Trustee disagrees, arguing that he "would suffer substantial injury if a stay is granted as (i) the fair market value of the Premises may diminish, (ii) upon information and belief,

---

[11] Bankruptcy Rule 6004(a) provides that:

> Notice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002(a)(2), (c)(1), (i), and (k) and, if applicable, in accordance with § 363(b)(2) of the Code.

FED. R. BANKR. P. 6004(a). Bankruptcy Rule 2002(a)(2) requires that the Trustee give "[t]wenty-one days notice to parties in interest" of the "proposed use, sale, or lease of property of the estate other than in the ordinary course of business . . . ." FED. R. BANKR. P. 2002(a)(2). In addition, Bankruptcy Rule 2002(c)(1) requires that notice of the sale "shall include the time and place of any public sale, the terms and conditions of any private sale and the time fixed for filing objections." FED. R. BANKR. P. 2002(c)(1).

outstanding real estate taxes continue to accrue and go unpaid by Atkinson thus diminishing the value of the Trustee's interest in the Premises, (iii) Atkinson has not recently provided proof that the Premises is insured, (iv) it is unknown whether Atkinson is maintaining the Premises in such a way that would prevent the diminishment of its fair market value, and, (v) as Atkinson insists in the Application, she does not have sufficient financial means in which to post a supersedes bond sufficient to provide the Trustee with security while the appeal is litigated." Objection at ¶ 25.

As the party seeking a stay pending appeal, Ms. Atkinson bears the burden of proving that the Trustee will not suffer substantial injury if a stay is granted. *See Baker,* 2005 WL 2105802, at *10; *see also Smith*, 2009 WL 366577, at *2. Nevertheless, Ms. Atkinson has not put forward any evidence in support of the Stay Motion that she is current in paying the outstanding real estate taxes and in maintaining property and fire insurance, which she was required to do under the Judgment. In the Lift Stay Order, this Court noted the Trustee's uncontested assertion that Ms. Atkinson had not brought the taxes or insurance current, and that Ms. Atkinson had failed to make a payment under the Judgment for more than five months. Lift Stay Order at pp. 3, 11.

In granting stay relief, this Court found that lifting the stay would greatly expedite the dispute between the parties, enabling the Trustee to obtain the proceeds from the Bullock estate's interest in the Premises – thereby generating a recovery for the creditors of that estate – while Ms. Atkinson (and the other co-owners) would receive their full *pro rata* shares of the sale proceeds once the sale had been completed. Lift Stay Order at pp. 11-12. The Court granted the Trustee stay relief specifically because Ms. Atkinson's Chapter 13 case and plan only served to delay the rights of the Trustee under the Judgment, based upon a dearth of legal authority that

would allow Ms. Atkinson to restructure this Court's Judgment through her Chapter 13 plan. Lift Stay Order at pp. 4-9. Because a stay pending appeal would result in further delay and because Ms. Atkinson has failed to present any evidence that she is current in paying taxes and insurance, this Court finds that the Trustee will suffer substantial injury if a stay is granted pending appeal, particularly in light of the extremely remote prospects of Ms. Atkinson succeeding on appeal.

### 3. Ms. Atkinson Has Failed to Show a Substantial Possibility of Success on Appeal

In considering a request for a stay pending appeal, the single most important factor is the possibility of success on the merits. *See Taub*, 470 B.R. at 278 (quoting *Baker*, 2005 WL 2105802, at *3).

In her Stay Motion, Ms. Atkinson asserts that there is a substantial possibility that she will succeed in appealing this Court's Lift Stay Order because this Court allegedly failed to find a fair market value for the Premises and failed to set a minimum sale price in the Judgment. Stay Motion at ¶ 18. According to Ms. Atkinson, "[b]y failing to make such a determination and include such determination in the May 2, 2012 Judgment and Order, the Court failed to properly conclude that the harm to the creditors of the Debtor's estate outweighed any harm to Atkinson as Atkinson may receive no consideration upon the Trustee's sale of her home." Statement Pursuant to Local Rule 9077-1 at ¶ 2, annexed to Stay Motion [dkt item 28-1]. As a result, Ms. Atkinson argues, "the Court could not have determined that the harm to the estate outweighed the harm to Atkinson." Stay Motion at ¶ 18.

The Trustee counters that Ms. Atkinson has not satisfactorily demonstrated a substantial possibility of success on appeal. Specifically, he argues that Ms. Atkinson's appeal "fails to allege a single error or default of fact or law" in the Lift Stay Order, but is instead "an

10

inappropriate attempt to collaterally attack the Judgment through the appeal of the Lift Stay Order." Objection at ¶ 20, 21. This Court agrees.

Further, with respect to Ms. Atkinson's argument that this Court did not determine a fair market value of the Premises, the Trustee points out that "in the parties' Joint Pretrial Memorandum, dated October 28, 2011, Atkinson, by her counsel, admitted that the Premises has a 'fair market value of $120,000.'" Objection at ¶ 23 (quoting Joint Pretrial Memorandum, Adv. Pro. No. 11-8919-ast dkt item 23 at p.4). The Trustee notes that Ms. Atkinson failed to dispute the stipulated value and that her "stipulation as to the value of the Premises enabled the Court to properly weight the benefit to the Chapter 7 bankruptcy estate and the detriment to Atkinson in the event of the sale of the Premises." Objection at ¶ 23. This Court agrees on this as well.

The parties' admission as to the Premises' value became part of the evidentiary record at trial, which this Court considered in rendering the Judgment. Judgment at p.2; *see* FED. R. CIV. P. 52(a); FED. R. BANKR. P.7052. This Court's finding of fact as to the stipulated fair market value of the Premises "must not be set aside unless clearly erroneous," FED. R. CIV. P. 52(a)(6). Ms. Atkinson has not pointed to any error as to the stipulated value of the Premises.[12]

In addition, Ms. Atkinson has not cited any authority for her assertion that this Court erred in not setting a minimum sale price in the Judgment. As the Trustee correctly points out, nothing in § 363(h) requires this Court to set a minimum sale price before authorizing a sale.[13]

---

[12] The Court notes that the parties agreed to a fair market value of $120,000; the Judgment authorized Ms. Atkinson to purchase the Bullock estate's interest in the Premises by paying $41,000 in 40 equal monthly installments of $1,025.00 each; the Bullock estate owns a 41.67% (5/12ths) ownership interest in the Premises; thus, Ms. Atkinson was provided the opportunity to purchase the Bullock Estate's Interest for less than fair market value, which, before sales expenses, would have been $50,000. However, the Court gave consideration to sales expenses which the Trustee would have incurred in a sale of the Premises in establishing the amount Ms. Atkinson would have to pay for the Bullock Interest.

[13] Section 363(h) requires that a court consider whether:

(1) partition in kind of such property among the estate and such co-owners is impracticable;

11

Ms. Atkinson appears to fear that after the parties stipulated to the value of the Premises, the Trustee will sell the Property without any regard to that value; that fear is unwarranted. Further, contrary to Ms. Atkinson's assertion that without a stay the Trustee could sell the Premises without "any consideration" to Ms. Atkinson, any sale must provide Ms. Atkinson with her distributive interest in the Premises.

Finally, as the Trustee properly notes, it appears that Ms. Atkinson "is attempting to shoehorn the otherwise untimely appeal of the Judgment into the timely appeal of the Lift Stay Order so as to further delay the sale of the Premises and thwart the enforcement of the Judgment." Objection at ¶ 20. Because any appeal of the Judgment is jurisdictionally barred, Ms. Atkinson's attempt to collaterally attack the Judgment by appealing the Lift Stay Order is improper. *See Siemon*, 421 F.3d at 169; FED. R. BANKR. P. 8002(a).

This Court also notes that this is not the first time that Ms. Atkinson has improperly attempted to collaterally attack the Judgment; this Court noted in the Lift Stay Order that because Ms. Atkinson failed to file a timely appeal of the Judgment or to seek reconsideration, "it is inappropriate for her to seek to collaterally attack the Judgment through the Chapter 13 plan process." Lift Stay Order at p. 10. Just as this Court refused to permit Ms. Atkinson to attempt an untimely, collateral attack on the Judgment through her Chapter 13 plan, similarly this Court

---

      (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
      (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
      (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or natural or synthetic gave for heat, light, or power.

11 U.S.C. § 363(h) (2012). In their Joint Pretrial Memorandum, Ms. Atkinson and the Trustee stipulated that the only § 363(h) factor in issue was the third factor, whether the benefit to the estate outweighed the detriment to Ms. Atkinson. *See* Joint Pretrial Memorandum, Adv. Pro. No. 11-8919-ast dkt item 23 at p.7. As stated on the record at the trial, this Court determined that the benefit to the estate outweighed the detriment to Ms. Atkinson, and authorized the § 363(h) sale subject to Ms. Atkinson's right to acquire the Bullock Interest, and subject to her and the other co-owners' rights to their shares of the proceeds of any ultimate sale.

will not grant Ms. Atkinson a stay pending her appeal of the Lift Stay Order when Ms. Atkinson's entire appeal appears to be an impermissible effort to prosecute a time-barred appeal of this Court's final and unappealable Judgment.

### 4. Ms. Atkinson Has Cited to No Compelling Public Interest Supporting a Stay

As the party seeking a stay pending appeal, Ms. Atkinson bears the burden of demonstrating a legitimate and compelling public interest in support of a stay. *See Taub*, 470 B.R. at 277 (quoting *Smith*, 2009 WL 366577, at *2). In considering a request for a stay pending appeal, courts will consider a variety of public interest concerns, including "the expeditious administration of bankruptcy cases [which] is impaired by obstructing the trustee's efforts to collect, liquidate and distribute assets to creditors of the estate." *In re Albicocco*, 2006 WL 2620464, at *4 n.8 (E.D.N.Y. Sept. 13, 2006) (quoting *In re Metiom, Inc.*, 318 B.R. 263, 272 (S.D.N.Y. 2004)).

In seeking a stay, Ms. Atkinson argues that bankruptcy courts have broad equitable powers to grant relief and that "no adverse public interest will be implicated by an order which stays the Trustee's sale of the Premises." Stay Motion at ¶ 19. The Trustee counters that the public interest supports denying Ms. Atkinson a stay because her appeal is "frivolous, unreasonable . . . [and] untimely." Objection at ¶ 26.[14] This Court is persuaded that Ms. Atkinson's appeal is another attempt to frustrate the Trustee's efforts to collect, liquidate and distribute the Bullock estate's interest in the Premises, and concludes that Ms. Atkinson has failed to demonstrate a public interest supporting a stay.

---

[14] In support of this contention, the Trustee reiterates that "(i) the appeal is untimely, (ii) Atkinson fails to provide any legal authority supporting her claim that the Bankruptcy Court erred by failing to set a minimum price on the sale of the Premises, and (iii) Atkinson stipulated to the fair market value of the Premises . . . ." Objection at ¶ 26.

Seven months have elapsed since this Court issued the Judgment, which was issued only after balancing the benefits to the Bullock estate with the possible detriments to Ms. Atkinson and the other owners from allowing a sale. The Judgment authorized the § 363(h) sale of the Premises only after providing Ms. Atkinson with the opportunity to avoid a sale and acquire the Bullock Interest. However, as noted above, Ms. Atkinson defaulted under the Judgment and failed to make a timely cure, despite the fact that her bankruptcy Schedules reflect sufficient monthly net income to make the monthly payments required under the Judgment. [dkt item 1, Schedules I, J]. The public interest is not served by allowing Ms. Atkinson to further delay the liquidation of the Bullock estate by attempting to collaterally attack the Judgment which provided her with a unilateral option to acquire the Bullock Interest on terms her own bankruptcy schedules indicate were viable for her.

In sum, Ms. Atkinson has not pointed to a public interest that supports granting her a stay of this Court's Lift Stay Order, nor has she demonstrated that absent a stay she will suffer irreparable injury, nor has she demonstrated that the Trustee will not suffer substantial injury if a stay is granted, nor has she demonstrated that her appeal has a substantial possibility of success. Accordingly, Ms. Atkinson's request for a stay pending appeal is denied.

**B. The Trustee's Request for Fees and Costs**

In addition to opposing the stay, the Trustee argues that Ms. Atkinson's counsel is liable for excessive costs pursuant to 28 U.S.C. § 1927. Section 1927 provides in relevant part that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (2012). An award of attorney's fees and costs under § 1927 is appropriate where the Court finds that an attorney's actions are so

completely without merit that the Court concludes they were undertaken for an improper purpose, such as delay, or where the Court concludes the attorney conduct was akin to bad faith. *See U.S. v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991); *see also Sakon v. Andreo*, 119 F.3d. 109, 114, 116 (2d Cir. 1997).

The Trustee argues that Ms. Atkinson's appeal is "frivolous" and "nothing more than a dilatory tactic on behalf of Atkinson to further delay the sale of the Premises and frustrate the enforcement of the Court's Judgment." Objection at ¶ 29. As support, the Trustee notes that this appeal was taken nearly seven months after the Judgment was entered; the appeal is based solely on the Court's alleged failure to find a fair market value or to set a minimum sale price even though Ms. Atkinson expressly stipulated to the fair market value of the Premises; and Ms. Atkinson has failed to point to any authority requiring this Court to set a minimum price in authorizing a § 363(h) sale.

Despite this Court's finding that Ms. Atkinson's appeal does not have a substantial possibility of success, this Court has determined that it would be more appropriate to await the outcome of the appeal before ruling on the Trustee's request for attorney's fees and costs.[15]

## CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that Ms. Atkinson's motion for a stay pending appeal pursuant to Bankruptcy Rule 8005 is hereby **DENIED**; and it is further

---

[15] This Court is not indifferent to the fact that Ms. Atkinson's counsel is undertaking Herculean efforts to keep her in the house; however, the Court is required and constrained to apply the law to the facts presented. Further, the Trustee may seek any appropriate relief from the United States District Court for the Eastern District of New York before which Ms. Atkinson's appeal now pends.

**ORDERED**, that the Court will carry the Trustee's request for attorney's fees and costs pursuant to 28 U.S.C. § 1927 pending the conclusion of Ms. Atkinson's appeal.



Dated: December 11, 2012  
Central Islip, New York

_____  
**Alan S. Trust**  
**United States Bankruptcy Judge**